## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DIAMEDICA THERAPEUTICS, INC.,

                    Plaintiff,

     v.

PRA HEALTH SCIENCES, INC. and,
PHARMACEUTICAL RESEARCH
ASSOCIATES GROUP B.V.,

                 Defendants.

C.A. No. 18-01318 MN

**PUBLIC VERSION**

**April 15, 2019**

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
## MOTION TO TRANSFER VENUE

**SMITH KATZENSTEIN JENKINS, LLP**
Neal C. Belgam, Esq. (No. 2721)
Kathleen M. Miller, Esq. (No. 2898)
1000 West Street, Suite 1501
Wilmington, DE 19801-0391
Telephone: (302) 652-8400
nbelgam@skjlaw.com
kmiller@skjlaw.com

Dated:    April 8, 2019        *Attorneys for plaintiff*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I.    Minnesota is an appropriate forum ............................................................................ 2

II.   The *Jumara* Factors favor transfer .......................................................................... 4

   A.   Private-interest factors .......................................................................................... 4

   B.   Public-interest factors ........................................................................................... 6

III.  Changed circumstance are not required .................................................................... 8

IV.   The Court need not address the motions to dismiss.................................................. 8

CONCLUSION.................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Home Assurance Co. v. Glovegold, Ltd.*,
153 F.R.D. 695 (M.D. Fla. 1994) ........................................................................ 8

*ANI Pharm., Inc. v. Method Pharm., LLC*,
2019 WL 176339 (D. Del. Jan. 11, 2019) ........................................................... 4

*Appliance Recycling Centers of Am., Inc. v. AMTIM Capital, Inc.*,
2011 WL 3667763 (D. Minn. Aug. 22, 2011) ...................................................... 3

*Bulk Process Equip. v. Earth Harvest Mills, Inc.*,
2011 WL 1877836 (D. Minn. May 17, 2011) ....................................................... 3

*Chen v. Sagrera*,
2017 WL 4001568 (D. Del. Sept. 11, 2017) ........................................................ 4

*Cloud v. Amquip Corp.*,
2003 WL 21037653 (D. Del. 2003 Apr. 28, 2003*)* ............................................. 9

*Dibsie v. Gulf Stream Coach, Inc.*,
2008 WL 2230658 (D.N.J. May 28, 2008). ......................................................... 7

*Douglas v. Chariots for Hire*,
918 F. Supp. 2d 24 (C.D. Cal. 2013) .................................................................. 5

*Goldlawr, Inc. v. Heiman*,
369 U.S. 462 (1962) ............................................................................................ 4

*Howmet Corp. v. City of Wilmington*,
285 A.2d 423 (Del. Super. 1971) ....................................................................... 9

*In re Asbestos Litigation Gray v. Georgia Pacific Corp.*,
C.A. No. 06C-04-230-ASB, (Del. Super. Dec. 19, 2008) (Opinion) .................. 9

*In re Howmedica Osteonics Corp.*,
867 F.3d 390 (3d Cir. 2017) ............................................................................... 6

*Intellectual Ventures I LLC v. Altera Corp.*,
842 F. Supp. 2d 744 (D. Del. 2012) ................................................................... 4

*Leavy v. Saunders,*
    319 A.2d 44 (Del. Super. 1974) ................................................................................... 9

*MEC Res., LLC v. Apple, Inc.,*
    269 F. Supp. 3d 218 (D. Del. 2017) ........................................................................... 7

*Posven, C.A. v. Liberty Mut. Ins. Co.,*
    303 F. Supp. 2d 391 (S.D.N.Y. 2004) ........................................................................ 8

*Reid v. Spazio,*
    970 A.2d 176 (Del. 2009) ............................................................................................ 9

*Reyno v. Piper Aircraft Co.,*
    630 F.2d 149 (3d Cir. 1980) ...................................................................................... 10

*Rust Consulting, Inc. v. Schneider Wallace Cottrell Konecky Wotkyns, LLP,*
    2018 WL 1247390 (D. Minn. Mar. 9, 2018) .......................................................... 2, 3

*Scoular Co. v. Ceres Global Corp.,*
    2015 WL 1275347 (D. Minn. Mar. 19, 2015) ............................................................ 2

*Smart Audio Tech., LLC v. Apple, Inc.,*
    910 F. Supp. 2d 718 (D. Del. 2012) ........................................................................... 5

*U.S. v. Berkowitz,*
    328 F.2d 358 (3d Cir. 1964) .................................................................................... 1, 8

*United States ex rel. Fisher v. Bank of Am.,*
    204 F. Supp. 3d 618 (S.D.N.Y. 2016) ........................................................................ 8

*Weber v. McDonald's Sys. Of Europe, Inc.,*
    660 F. Supp. 10 (D. Del. 1985) ................................................................................ 10

**Statutes**

10 *Del. C.* §8118 ................................................................................................................. 9

28 U.S.C §1406 .................................................................................................................. 1

28 U.S.C. § 1404(a) ............................................................................................... 1, 4, 8, 10

## INTRODUCTION

DiaMedica has been trying to get to the merits of its claims, but Defendants insist on throwing up procedural hurdles in the hopes of avoiding having a Court shed light on their behavior. After filing the action in New York, PRA Netherlands complained that the Court lacked personal jurisdiction over it. Due to this defense, DiaMedica dismissed that action and filed here. Again, PRA Netherlands complains about jurisdiction. In response, DiaMedica moved to transfer to Minnesota under Section 1404(a), the general purpose of which is to remove "'whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.'"[1]

Defendants responded, in essence, that PRA Netherland, part of PRA's global CRO, cannot be sued anywhere but in the Netherlands. Defendants argue that the Court should deny the Motion because (1) DiaMedica could not have filed this action in Minnesota, (2) the *Jumara* factors weigh against transfer, and (3) the Court should dismiss the action based on statute of limitations.

PRA Netherlands claims no employee visited Minnesota in nine years. PRA USA is more cryptic, asserting only that it has no registered agents or affiliate companies in Minnesota. Yet, it is clear that Defendants, through their agents, traveled to, and made multiple contacts with, Minnesota in connection with the contract and the Study. What's more, PRA has a material presence in Minnesota. "PRA Health Sciences" posts job openings for clinical research associates for Minnesota, LinkedIn has multiple profiles of employees in Minnesota, and it has been a

---

[1] *U.S. v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964) (citation omitted) (Sections 1406 and 1404 are companion sections that are "remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another" and thus, the rationale of one applies to the other.) *Id.*

"collaborator" on multiple clinical studies in Minnesota.  Thus, this action could have properly been filed in Minnesota.

Defendants' preference to litigate in the Netherlands is irrelevant and does not defeat the Motion and the *Jurmara* factors weigh in favor of transfer.

Finally, for several reasons discussed below, Defendants' statute of limitations arguments does not defeat the Motion.

## ARGUMENT

### I.   Minnesota is an appropriate forum

To survive a motion to dismiss, a plaintiff must make a "prima facie case that the forum state has personal jurisdiction over the defendant.  In the absence of an evidentiary hearing, a court must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party."[2]  For personal jurisdiction, the Eighth Circuit considers: "(1) the nature and quality of defendant's contacts with the forum state; (2) quantity of contacts; (3) source and connection of the cause of action with those contacts; and to a lesser degree, (4) the interest of the forum state; and (5) the convenience of the parties."[3]

In a breach of contract case, the court will "determine whether a defendant purposely availed itself of the forum state by considering the prior negotiations, contemplated future consequences, and terms of the contract, and the parties' actual course of dealings."[4]

---

[2] *Rust Consulting, Inc. v. Schneider Wallace Cottrell Konecky Wotkyns, LLP,* 2018 WL 1247390, at \*1 (D. Minn. Mar. 9, 2018) (citation and internal quotation marks omitted); *Scoular Co. v. Ceres Global Corp.*, 2015 WL 1275347, at \*5 (D. Minn. Mar. 19, 2015).

[3] *Id.* at \*2 (citation omitted).

[4] Id.

DiaMedica has made a sufficient showing of personal jurisdiction.[5]   Over a five-year period, Defendants solicited DiaMedica's business in Minnesota, it signed contracts in Minnesota, numerous calls and emails were sent to DiaMedica, and Defendants' representatives met with DiaMedica in Minnesota.[6]   These contacts relate to the formation and performance of the contract and are sufficient to show specific personal jurisdiction in Minnesota.[7]

Additionally, PRA has a presence in Minnesota and has taken advantage of business opportunities in Minnesota.   While the actual number of employees is likely much higher, LinkedIn reflects that several PRA Health Sciences[8] employees work in Minnesota,[9] its posts jobs in Minnesota on its webpage[10], and has been involved in at least six clinical studies with site

---

[5] *See* OB at 5-7, 22, 13, Pauls Declaration.

[6] The Koning declaration for PRA Netherlands (which reads like a legal brief's arguments) states that PRA Netherlands has not had any employees in Minnesota in the last nine years.  Tellingly, the Trepanier declaration for PRA USA is silent as to employees traveling to, or working in, Minnesota.  Clearly, PRA representatives on behalf of Defendants were in Minnesota before and after the contract was signed.  If the Court finds that additional evidence on jurisdiction in Minnesota is needed, DiaMedica should be permitted to take jurisdiction discovery and provide supplemental briefing. AB at 14, n. 9.

[7] *Bulk Process Equip. v. Earth Harvest Mills, Inc.*, 2011 WL 1877836, at *3-4 (D. Minn. May 17, 2011) (finding personal jurisdiction where defendant solicited a business relationship with the Minnesota plaintiff and communicated with plaintiff by phone and email); *Rust Consulting*, 2018 WL 1247390, at *2 ("In weighing the quality and quantity of a defendant's contacts with the forum state, courts have considered whether the defendant solicited a business relationship with a company incorporated in the forum state…"). While telephone calls and emails may not alone be sufficient to support jurisdiction, they can be considered in conjunction with other contacts to establish jurisdiction. *Appliance Recycling Centers of Am., Inc. v. AMTIM Capital, Inc.*, 2011 WL 3667763, at *4 (D. Minn. Aug. 22, 2011) (finding jurisdiction over defendant who initiated contact with plaintiff in Minnesota to perform services in Canada pursuant to contracts governed by Ontario law and who had multiple communications with plaintiff's Minnesota based employees).

[8] PRA holds itself out as a global CRO with dozens of locations around the world, including the location in the Netherlands. See OB at 7.

[9] Ex. A.

[10] Ex. B.

locations in Minnesota in recent years, some of which are on-going.[11]  Defendants' conclusory, cryptic, and incomplete declarations do not defeat the Motion.[12]

## II.     The *Jumara* Factors favor transfer

As discussed below, these factors weigh in favor of transfer.

### A.     Private-interest factors

#### *Factors one and two*

Defendants argue that these factors weigh against transfer because neither Delaware nor Minnesota was DiaMedica's first choice and Defendants favor neither.  Under *Jumara*, the analysis is between the current jurisdiction and the proposed transferee jurisdiction.  Defendants' preference does not weigh against transfer.[13]

DiaMedica seeks to transfer the case to Minnesota because PRA Netherlands asserts that there is no jurisdiction over it here.[14]  In light of the remedial purpose of the statute, this factor weighs in favor of transfer.[15]

#### *Factor three*

There is no dispute that the causes of action did not arise in Delaware.  Defendants admits that the claims at least partially arose in Minnesota.[16]  They cite Philadelphia, the Netherlands, and

---

[11] Ex. C.

[12] Additionally, the claims against PRA USA should be transferred to avoid bifurcating the case. *ANI Pharm., Inc. v. Method Pharm., LLC*, 2019 WL 176339, at *7 (D. Del. Jan. 11, 2019).

[13] *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755 (D. Del. 2012).

[14] Section 1404(a) is the appropriate statue to transfer when venue is proper even if the court does not have jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 462, 466 (1962).

[15] *See Chen v. Sagrera*, 2017 WL 4001568, at *6 (D. Del. Sept. 11, 2017) ("'Dismissal is considered to be a harsh remedy … and transfer of venue to another district court in which the action could originally been brought, is the preferred remedy.'" (citation omitted).

[16] AB at 15.

Chicago as possible places where the claims arose.  Even if Defendants are correct, this factor still weighs in favor of transfer as the claims did not arise in Delaware.[17]

### Factor four

Defendants do not dispute that: (1) Minnesota is more convenient to DiaMedica[18], (2) Defendants are financially better able to bear the costs of traveling, or (3) Minnesota will place no additional burdens on PRA Netherlands.[19]  PRA USA argues that Delaware is more convenient because it has affiliate offices in Pennsylvania.[20]  But, PRA USA does not dispute that its personnel from North Carolina involved in the dispute would have no more of a burden traveling to Minnesota than Delaware.

### Factor five

At worst, this factor is neutral.

---

[17] *Douglas v. Chariots for Hire*, 918 F. Supp. 2d 24, 32 (C.D. Cal. 2013) ("When the material events that form the factual predicate of a plaintiff's claim did not occur in his chosen forum, transfer is favored.").  Ignoring this statement by the *Douglas* court, Defendants cite the case (AB at 15, n. 10) for the proposition that when a claim arises under multiple fora, this factor is neutral. Unlike the facts in *Douglas*, where some of the factual predicate arose in the forum where the action was pending, it is undisputed that none of the factual predicate here arose in Delaware. Thus, the "multiple fora" analysis does not apply.

[18] Defendants only argument on DiaMedica's convenience is that its choice of Delaware is the best indicator of its own convenience, citing *Smart Audio Tech., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 731 (D. Del. 2012). AB at 16.  But, the *Smart Audio* court stated that the facts suggested that transfer to California (where Apple sought to transfer the case) would be more convenient for plaintiff, a Texas headquartered entity. *Smart Audio*, 910 F. Supp. 2d at 731.  The Court found that this factor was neutral because plaintiff had to travel from Texas to either Delaware or California. Here, if the case is transferred, DiaMedica will not have to travel.

[19] OB at 12.

[20] OB at 12, 15.

### Factor six

Defendants argue that production of documents in the Netherlands would be "easier" and "more efficient" due to certain foreign laws designed to protect individuals' privacy.[21]   Their arguments are flawed.  First, the cited laws do not prohibit disclosure.[22]  Second, it is currently unclear whether the private information that is protected by these foreign laws will be implicated here.  Participants in the Study obviously agreed to some disclosure outside of Netherlands as it was always contemplated that the results of the Study would be used by DiaMedica in the United States.  Third, to the extent that such information would be implicated, there are methods to protect this information, such as redacting or filing under seal.  Finally, Defendants' argument in favor of the Netherlands is irrelevant to the determination of whether to transfer this action to Minnesota.

### B.      Public-interest factors

### Factor one

Defendants question how a judgment against PRA USA is not more easily enforced in Delaware than Minnesota.[23]  First, when transfer is from one federal forum to another, this factor has little relevance.[24]  Second, any judgment against PRA USA can easily be transferred to any state where its assets are located.

---

[21] AB at 16.

[22] AB, Lucassen Affidavit, ¶ 7 ("…the GDPR could impede or at least complicate, a company's ability to comply with the US litigation process requiring the production of EU personal data.") and ¶ 15 ("…the transfer of 'evidence' to a US court is not impossible…").

[23] AB at 17.

[24] *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 410 (3d Cir. 2017).

### Factor two

Defendants complain that the Motion was filed six months after the case was filed and after Defendants moved to dismiss.[25]  But, there is no time limitation for filing a motion to transfer and progress of the case doesn't defeat the motion.[26]  DiaMedica did not know until the motions were filed on November 19, 2018 that Defendants were going to contest jurisdiction. [27]  DiaMedica's response was to file the Motion.  Thus, it acted promptly.

### Factor three

Defendants argue that there is a 39% lag in adjudication in Minnesota.[28]  The difference between the jurisdictions is only 11 months.  Thus, this factor is not sufficient to tip the scales against transfer.

### Factor four

Defendants argue that the Netherlands has more of an interest than Minnesota.[29]  Thus, they concede, as between Delaware and Minnesota, Minnesota has the stronger interest.

### Factors five and six

Defendants do not substantively address these factors.

---

[25] AB at 17.

[26] *MEC Res., LLC v. Apple, Inc.*, 269 F. Supp. 3d 218, 228 (D. Del. 2017) ("'A motion to transfer should be made early in the proceeding.  However, a mere passage of time or delay is not alone sufficient to deny a motion to transfer.'") (footnote omitted).  DiaMedica discussed the reasoning for filing in New York in its opening brief.

[27] Defendants' reliance on *Dibsie v. Gulf Stream Coach, Inc.* is misplaced.  There, other than a forum selection clause, "not a single factor identified in *Jumara* weigh[ed] in favor of transfer." 2008 WL 2230658, at *9 (D.N.J. May 28, 2008).

[28] AB at 18.

[29] Id.

**III.      Changed circumstance are not required**

Defendants argue that because there has been no change in circumstances, the Motion must be denied.  Defendants are wrong.  The remedial purpose of Section 1404(a) is to remove obstacles that impede adjudicating cases on the merits.[30]  Mandating denial of a motion to transfer based on lack of change in circumstances does not promote this purpose.  Additionally, the more recent trend does not require a plaintiff to demonstrate changed circumstances.[31]

The cases Defendants cited are inapplicable[32], as they do not involve a challenge to personal jurisdiction.  Defendants cannot argue that this Court does not have personal jurisdiction, while simultaneously arguing that the Motion cannot be granted because DiaMedica has not demonstrated changed circumstances.  Defendants are attempting to gut the remedial purpose of Section 1404(a) with a defense they raised after the complaint was filed.  They should not be permitted to do so.

**IV.      The Court need not address the motions to dismiss**

Defendants' statute of limitations argument does not prevent transfer.

First, Defendants' motions to dismiss do not seek to dismiss the claim relating to the obligation to provide study-related data, records and document.  So, the case cannot be dismissed in its entirety.[33]  Thus, ruling on a statute of limitations defense will not prevent transfer.

---

[30] *Berkowitz*, 328 F.2d at 361.

[31] *See, e.g.*, *United States ex rel. Fisher v. Bank of Am.*, 204 F. Supp. 3d 618, 624 (S.D.N.Y. 2016) (finding that a motion to transfer is appropriate either where there is a change in circumstances ***or*** transfer would be in the interests of justice); *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 407 (S.D.N.Y. 2004); *Am. Home Assurance Co. v. Glovegold, Ltd.*, 153 F.R.D. 695, 700 (M.D. Fla. 1994).

[32] AB at 12.

[33] Defendants attempt to convince the Court that the remainder of the claims should be dismissed (AB at 13, n. 7) by relying on evidence outside of the complaint to assert that they fulfilled their contractual obligations and that reliance by DiaMedica is not reasonable. AB, Flynn Declaration,

Second, Defendants assert that the statute of limitations began to run on November 14, 2014 when Defendants sent DiaMedica the preliminary results of the Study. [34]  But they could not have failed to perform the Study in accordance with the appropriate standards until the Study actually *had been performed*.  Thus, the claim accrued in late 2016, when Defendants released the draft Clinical Study Report.  In any event, there are factual issues that prevent dismissal.

Third, Defendants neglect to mention that Delaware's Savings statute applies when a prior action fails for lack of personal jurisdiction after the statute of limitations has run.[35]  The statute grants plaintiff one year to refile the action.[36]  The Savings statute reflects a public-policy preference for deciding cases on their merits, is remedial in nature and is liberally construed. [37]

Here, the New York action, filed on November 14, 2017, was dismissed for lack of personal jurisdiction on July 27, 2018.  This action was filed on August 24, 2018.  Accordingly, claims that arose on or after November 14, 2014 will not be time barred.  Again, DiaMedica disputes Defendants' arguments as to when the claims accrued.  But, even accepting Defendants' arguments (which we do not), additional claims would survive a motion to dismiss, including, but not limited to, the contract and promissory estoppel claims Defendants assert expired on November 14, 2014.

---

Koning Declaration.  Of course, these factual disputes cannot be decided at this stage. Accordingly, these "facts" should be disregarded.

[34] DiaMedica addresses the contract claim by way of example and reserves all its defenses to the motions to dismiss.

[35] *Cloud v. Amquip Corp.*, 2003 WL 21037653 at *2 (D. Del. 2003 Apr. 28, 2003*); In re Asbestos Litigation Gray v. Georgia Pacific Corp.*, C.A. No. 06C-04-230-ASB, (Del. Super. Dec. 19, 2008) (Opinion) – Trans ID 23016184; Ex. D.

[36] 10 *Del. C.* §8118; *See Howmet Corp. v. City of Wilmington*, 285 A.2d 423 (Del. Super. 1971); *Leavy v. Saunders*, 319 A.2d 44, 45 (Del. Super. 1974).

[37] *Reid v. Spazio*, 970 A.2d 176, 181 (Del. 2009).

Finally, this Court should not decide which statute of limitations apply or whether claims are barred by such limitations period.  When a case is transferred under Section 1404(a) from a venue that lacks personal jurisdiction over the defendant, it is the *transferee* court's law that will apply, not the *transferor's*.[38]  Thus, Delaware's choice of law and borrowing statute will not apply to the claims against PRA Netherlands after transfer.

## CONCLUSION

DiaMedica requests that the Court exercise its discretion and transfer this case to Minnesota as this action could have been properly filed in that jurisdiction and the *Jurmama* factors weigh in favor of transfer.  There is no need to address Defendants' statute of limitation claims because this case will survive no matter the outcome of Defendants' motion and therefore, the transferee court ought to decide those issues.

April 8, 2019                                    **SMITH KATZENSTEIN JENKINS, LLP**

                                                 */s/ Kathleen M. Miller*
                                                 Neal C. Belgam, Esq. (No. 2721)
                                                 Kathleen M. Miller, Esq. (No. 2898)
                                                 1000 West Street, Suite 1501
                                                 Wilmington, DE 19801-0391
                                                 Telephone: (302) 652-8400
                                                 nbelgam@skjlaw.com
                                                 kmiller@skjlaw.com

                                                 *Attorneys for plaintiff*

---

[38] *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 164-64 (3d Cir. 1980) *rev'd on other grounds* 454 U.S. 235 (1981) ("As with any other statute, we must construe § 1404(a) to avoid any constitutional problem, and so hold that when there has been an interstate transfer without personal jurisdiction, the transferor state's choice of law does not apply to that defendant."); *Weber v. McDonald's Sys. Of Europe, Inc.*, 660 F. Supp. 10, 12-13 (D. Del. 1985).